PSM-194                                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4707
_____

ROBERT E. MARTIN, JR.,

                                                                        Appellant

v.

THE COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF
CORRECTIONS ET AL, Jeffrey Beard, Secretary of the Department of Corrections;
STATE CORRECTIONAL INSTITUTION SCI FAYETTE ET AL., Superintendent
Brian Coleman; ROBERT TRETINIK, Health Care Administrator at SCI Fayette;
DOCTOR D. TOLNER, Dentist, SCI Fayette
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 08-cv-01604)
Magistrate Judge: Honorable Lisa P. Lenihan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2010

Before: FUENTES, GREENAWAY, JR. AND VAN ANTWERPEN, Circuit Judges

(Opinion filed September 24, 2010)
_____

OPINION
_____

PER CURIAM

        Robert E. Martin, Jr., proceeding pro se, appeals from the order of the District

Court granting defendants' motions to dismiss.  For the following reasons, we will affirm.

I.

In November 2008, Martin filed a pro se complaint in District Court seeking declaratory and injunctive relief and monetary damages under 42 U.S.C. § 1983. He alleged that defendants violated his civil rights by failing to provide medical treatment while he was incarcerated at the State Correctional Institution ("SCI") at Fayette.[1] He claimed that he suffered pain in his jaw for eighteen months without adequate medication or medical treatment. Eventually, in October 2008, he saw a Dr. Chung, who told him that he required surgery to remove a bone fragment from his mandible to relieve the pain. In the meantime, he alleged, the prison dental and medical staff continued their "deliberate indifference" to his pain, by refusing to provide him with medication or to respond to his grievances. He received the surgery in November 2008.

Martin also filed two motions for the appointment of counsel. The District Court denied the first as premature and denied the second on the merits. The court then granted defendants' motion to dismiss on the basis that Martin had failed to exhaust his administrative remedies. Martin filed a timely appeal and a motion for the appointment of counsel.[2] We denied the motion for the appointment of counsel, and Martin subsequently filed a second, nearly identical motion.

_____

[1]Martin was released from custody on parole while his case was active in the District Court.

[2]After filing his informal brief, Martin filed a motion for leave to file a supplemental brief. The motion is granted, and we have considered the supplemental brief in making our decision.

II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's order is plenary. See Ray v. Kertes, 285 F.3d 287, 291 (3d Cir. 2002). "The availability of administrative remedies to a prisoner is a question of law." Id. (citation omitted). Allegations of fact are accepted as true. See id.

III.

Defendants filed a motion to dismiss on the ground that Martin had failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner, prior to seeking relief in federal court, must properly exhaust all available administrative remedies at the prison. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 93 (2006). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner's failure to exhaust administrative remedies results in procedural default. See Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004). Under the Pennsylvania Deparment of Corrections' ("DOC") grievance system, an inmate must file a grievance with the facility grievance coordinator. See Pa. Dep't of Corr. Policy Statement, DC-ADM 804, Part IV.A.8. The inmate may appeal the coordinator's decision to the facility manager, and then may file a final appeal to the Secretary's Office. See id. at Part IV.C.1, 2 and Part IV.D.1.

In support of their motion, defendants attached an affidavit from Dorina Varner, an administrative officer in the DOC's grievance review office, who stated that Martin

3

never sought final review of any grievances. Martin admits that he did not seek final review, but asserts that he chose not to do so because he feared retaliation from prison officials. As further explanation, he states that he received threats from defendant Robert Tretinik, Health Care Administrator at SCI Fayette. He does not provide any details as to the nature, content, or timing of those threats, and we find that his brief assertion does not excuse the exhaustion requirement. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) ("A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him.") (internal quotation marks and citation omitted).

Under the circumstances, we agree that Martin failed to exhaust his available administrative remedies. Accordingly, the District Court properly dismissed the complaint. Martin's motion for counsel is denied.


IV.

For the foregoing reasons, we will affirm the District Court's judgment.